**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  MINON MILLER, | No. 19-60014 |
| Debtor. | BAP No. 18-1267 |
| ------------------------------ | |
| EDWARD GILLIAM, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| MINON MILLER, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Spraker, Faris, and Lafferty, Bankruptcy Judges, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Edward Gilliam appeals pro se from the Bankruptcy Appellate Panel's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("BAP") judgment reversing the bankruptcy court's order granting Gilliam's motion for sanctions under Federal Rule of Bankruptcy Procedure 9011. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The BAP properly concluded that Gilliam lacked standing to pursue the motion for sanctions after Gilliam failed to list the pending sanctions claim on his bankruptcy schedules. *See* 11 U.S.C. § 521 (debtor's duties in connection with bankruptcy filing), § 554(c), (d) (scheduled property not otherwise administered at the time of the closing of a case is abandoned to the debtor; property that is not abandoned and not administered remains property of the estate); *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001) (explaining debtor's affirmative duty to schedule assets and liabilities carefully, completely, and accurately).

We reject as unsupported by the record Gilliam's contention that in reversing the bankruptcy court's order, the BAP misapplied the judicial estoppel doctrine.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**